IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHRISTOPHER BRIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV04-549-S-MHW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| REBECCA A. WILLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is the review of Plaintiff's Prisoner Civil Rights Complaint (Complaint) to determine whether its allegations are subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2). Plaintiff consented to the jurisdiction of a Magistrate Judge to determine this matter, in accordance with 28 U.S.C. § 636 (c) and Fed. R. Civ. P. 73.

Having carefully reviewed the record, the Court has determined that the Complaint is subject to summary dismissal without prejudice.

**I.**

**BACKGROUND**

Plaintiff is currently incarcerated in the Ada County Jail. He is suing Rebecca Wills, a former employee of Ada County. Plaintiff previously sued Ms. Wills in case

**ORDER  1**

numbers CV02-51-S-MHW and CV04-523-S-BLW.  A Stipulation for Dismissal and Judgment were entered in case number CV02-51-S-MHW on March 13, 2003.  An Order of dismissal and Judgment were also entered in case number CV04-523-S-BLW.  The allegations in the latter case are identical to the ones in the present action.

Plaintiff alleges that Ms. Wills violated his constitutional right to a bail bond.  He further alleges that Ms. Wills "became a state actor upon revoking Briggs' bail bond.  *Complaint*, p. 2.   Ms. Wills no longer works for Ada County, and is currently working at the Idaho Humanities Council.  *Complaint*, p. 1.

## II.

## REVIEW OF COMPLAINT

The Court is required to review prisoner complaints, and it must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

To state a claim under § 1983, a plaintiff must allege four elements: "(1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Section 1983 is "'not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 1870, (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689, 2695 n.3

**ORDER  2**

(1979)).

Plaintiff was previously informed that Ms. Wills was not a state actor when she revoked his bail bond. She was acting as a private individual in the context of domestic abuse allegations. *See Docket No. 8*, CV04-523-S-BLW (ruling that Defendant Wills was not a state actor under § 1983). Where the challenged action is that of a private individual, there must be "significant state involvement" before the due process guarantees of the Constitution will attach. *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173, 92 S. Ct. 1965 (1972).

Courts have used four different factors or tests to determine whether private individuals or entities are state actors: (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. *See Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997), *cert. denied*, 522 U.S. 996, 118 S. Ct. 559 (1997). None of these factors is present in this lawsuit. The allegations do not show any governmental involvement in the revocation of Plaintiff's bail bond. It was the act of a private individual who apparently posted bond, and then decided to revoke it. Therefore, there is no cognizable constitutional claim under § 1983.

Based on the foregoing, the Court will dismiss Plaintiff's Complaint for failure to state cognizable constitutional claims.

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint is

**ORDER  3**

subject to dismissal without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED: July 14, 2005

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**ORDER  4**